UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

Case No. 2:19-cv-11299
Chief Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 24.128.179.251,

    Defendant.

_____/

# OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DE 4)

This matter is before the Court for consideration of Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena prior to Rule 26(f) conference (DE 4). Plaintiff filed suit on May 3, 2019, against a single "John Doe" defendant, identified only by the subscriber Internet Protocol ("IP") address he or she is alleged to have used to unlawfully download and share Plaintiff's copyrighted movies using BitTorrent software. (DE 1 ¶¶ 1-6, 12; DE 1-2.) On May 17, 2019, Plaintiff filed the instant motion, in which it seeks to discover John Doe's identity by issuing a subpoena on the Internet Service Provider ("ISP")

1

associated with the identified IP address. (DE 4.) For the reasons discussed below, this Motion is **GRANTED**.

I. BACKGROUND

This is a copyright infringement case. Plaintiff purports to own copyrights to various films, including the copyrighted works at issue in this lawsuit. (DE 1 ¶¶ 2-3; DE 1-2.) Plaintiff does not know the name of John Doe Defendant, but indicates that it has identified Defendant through a unique IP address that was involved in the alleged infringement. (DE 1 ¶ 5.) Among the affidavits provided in support of its motion is one from Tobias Feiser of IPP International UG ("IPP"), a company that provides forensic investigation services to copyright owners. (DE 4-3 ¶¶ 3-4.) Mr. Feiser avers that he found a person using Defendant's IP address engaged in BitTorrent transactions with regard to "multiple pieces" of the copyrighted works alleged in the Complaint. (*Id*. at ¶¶ 7, 9, 10, 12.)

II. ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order*.

Fed. R. Civ. P. 26(d)(1) (emphasis added). Although the United States Court of Appeals for the Sixth Circuit has not addressed the standard to be applied in such instances, courts in this district have applied a "good cause" standard to determine

whether such expedited discovery should be authorized. *See Malibu Media, LLC v. Doe*, No. 14-14237, 2015 WL 224807, at *1 (E.D. Mich. Jan 15, 2015). This issue arises not infrequently in copyright infringement cases where the identity of the infringer is not known. *See Arista Records, LLC v. Doe 3*, 605 F.3d 110 (2d Cir. 2012).

Courts have further developed the "good cause" standard. Specifically, in copyright cases, the Court considers the following factors to determine whether the issuance of subpoenas to discover the identity of Doe defendants in advance of a Rule 26(f) conference is proper: (1) whether the plaintiff has made a *prima facie* showing of a copyright infringement claim; (2) whether the plaintiff has submitted a specific discovery request; (3) whether the information sought is limited in scope and not available through alternative means; (4) whether plaintiff has a central need for the subpoenaed information; and (5) whether there is minimal expectation of privacy on the part of the defendant. *Arista Records,* 604 F.3d at 119; *Patrick Collins v. Does 1-21*, Case No. 11-15232, (DE 5 therein) (E.D. Mich. Dec. 16, 2011).

Having reviewed the complaint, the instant motion, and the accompanying memorandum of points and authorities, the Court finds that Plaintiff has demonstrated good cause for early discovery. It has stated a plausible claim for direct copyright infringement (DE 1 ¶¶ 34-39) and specifically identified the

discovery sought, namely "the true name and address of Defendant." (DE 4 at 9, 15.) The Court also finds that defendants do not have a reasonable expectation of privacy in their internet subscriber information. *See Hard Drive Prods. v. Doe*, No. 11-9062, 2012 U.S. Dist. Lexis 82927, at *10-11 (N.D. Ill. June 14, 2012). Furthermore, the information sought is: (a) necessary to prosecute Plaintiff's claim; (b) otherwise unavailable; and (c) narrowly tailored (as modified below).[1]

---

[1] As noted above, the Court is fully aware of the numerous cases that have been brought by this and other plaintiff adult film companies in this and other districts around the country, most if not all of which have sought the same expedited discovery sought here. While Plaintiff here has satisfied the requirements necessary to permit such early discovery in this case, the modifications placed on the information to be disclosed, and the timing and circumstances of that disclosure, is this Court's attempt to protect against potentially abusive litigation tactics that have been well-documented in similar cases. Indeed, numerous courts have remarked on what they have seen as chicanery in these cases. *See Malibu Media, LLC v. Does 1-13*, 2012 WL 2800123, at *2, n. 10 (E.D. Cal. July 9, 2012) (noting "some growing concern among district courts about these sorts of expedited discovery matters); *Malibu Media LLC v. Does 1-5*, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) (permitting limited discovery but stating that the court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded"); *see also James DeBriyn, Shedding Light on Copyright Trolls: An Analysis of Mass Copyright Litigation in the Age of Statutory Damages*, 19 UCLA Ent. L. Rev. 79, 86, 95-99 (2012) (noting that copyright holders have devised mass-litigation models to monetize infringement using the threat of large damage awards to force alleged infringers, even innocent ones, into settlements).

Though the court has no reason to suspect any such tactics are contemplated by Plaintiff or its counsel in this case, the Court hereby issues a stern warning that it will take extremely seriously any abusive or unethical litigation or settlement tactics that come to its attention. *See Hard Drive Prods*, 2012 U.S. Dist. LEXIS 82927, at *16 (warning plaintiffs that use of information for improper purpose, such as to harass individuals against whom plaintiff has insufficient evidentiary

## III. CONCLUSION

Accordingly, Plaintiff's Motion (DE 4) is **GRANTED** subject to the following modifications:

1. Plaintiff shall attach a copy of this Order to the subpoena it issues to John Doe's ISP.

2. Plaintiff's subpoena to the ISP may seek only the following information regarding John Doe:

    a. Full name, and
    b. Residential address.[2]

3. Within seven days of its receipt of the subpoena, the ISP shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order.

4. Nothing in this Order precludes the ISP or John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's local rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than thirty-five days from the service of the subpoena on the ISP. *See Third Degree Films v. Does 1-47*, No. 12-10761, 2012 WL 4498911, at *1 (D. Mass. Oct. 2, 2012) (issuing a subpoena with provision for motion practice before production of information). Where no motion is filed by either the ISP or

---

support for its allegations is a violation of Rule 11 and sanctionable). While copyright holders are entitled to turn to the federal courts to protect their intellectual property rights, the Court will not permit itself to be used as an instrumentality for any unethical or abusive conduct.

[2] *See, e.g., Malibu Media LLC v. John Doe*, No. 13-10511, (DE 7 therein) (E.D. Mich. Feb. 26, 2013) (concluding that Plaintiff was not permitted to seek or obtain John Doe's email address or telephone number).

John Doe within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraph 2(a) and (b) above.

5. Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of the IP address if it is not controlled by such entity, duplicate IP addresses that resolve to the same individual, or for the entity's internal costs to notify its customers.

6. Any entity that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for the billing summary, along with any other costs claimed.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**


Dated: May 28, 2019            s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on May 28, 2019, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti